IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NELMA JEAN BRYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22cv0551 (PTG/JFA) |
| | ) |
| NELMAJEANBRYSON.COM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 13). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On May 13, 2022, plaintiff filed a verified complaint against domain name NELMAJEANBRYSON.COM ("Defendant Domain Name") asserting an *in rem* claim under the Anti-Cybersquatting Consumer Protection Act ("ACPA"). (Docket no. 1). On June 7, 2022, plaintiff filed a motion for service by publication. (Docket no. 6). The court granted the motion and entered an order requiring plaintiff to publish notice of this action. (Docket no. 9). Plaintiff arranged for publication of notice of the action in *The Washington Times* on June 9, 2022. (Docket no. 10-1).

On July 1, 2022, plaintiff requested an entry of default against the Defendant Domain Name, which the Clerk of Court entered on July 10, 2022. (Docket nos. 11, 12). On July 20, 2022, plaintiff filed this motion for default judgment, a memorandum in support, and a notice of

1

hearing for Friday, August 5, 2022 at 10:00 a.m. (Docket no. 13–15). Plaintiff included certificates of service with these pleadings indicating that notices of the filings were sent to the registrant of the Defendant Domain Name using the contact form listed on the Whois record, and copies of the pleadings were sent by email to the registrar at domainabuse@service.aliyu.com. (Docket nos. 13 at 3, 14 at 12, 15 at 2). At the hearing on August 5, 2022, counsel for plaintiff appeared, but no one appeared on behalf of the Defendant Domain Name.

### Factual Background

The following facts are established by the complaint. (Docket no. 1) ("Compl."). Plaintiff is a novelist, poet, and photographer who has published seven books over a writing career that has spanned nearly two decades. (Compl. ¶ 3). Plaintiff published her first book in 2005 and began advertising her works online in February 2011 using the Defendant Domain Name. (Compl. ¶ 4). Plaintiff uses her entire legal name, Nelma Jean Bryson, to publish and promote her numerous publications. (Compl. ¶ 11). Plaintiff published her most recent work on July 16, 2015, and she advertised it for purchase on her site, formerly available at the Defendant Domain Name. (Compl. ¶ 12). Plaintiff's works have received national attention, and her books are available for purchase online through Barnes & Noble and Amazon. (Compl. ¶ 13).

Plaintiff acquired the Defendant Domain Name on May 12, 2008 and has used it since February 7, 2011 to advertise her books. (Compl. ¶ 16). Plaintiff used the Defendant Domain Name to advertise her works for sale as recently as April 15, 2021. (Compl. ¶ 17). Plaintiff maintained the Defendant Domain Name through the registrar "Melbourne IT, LTD. d/b/a Internet Names Worldwide." (Compl. ¶ 18). At some point, the Defendant Domain Name was reregistered through the registrar "Alibaba.com Singapore E-Commerce Private Limited" to an unknown registrant who may be located in Yun Nan Sheng, China. (Compl. ¶¶ 5, 18). The

Defendant Domain Name has since been used to display pornographic material. (Compl. ¶ 2; Docket nos. 1-13, 1-14).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to the Defendant Domain Name. (Docket no. 12).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted a violation of the ACPA (15 U.S.C. § 1125(d)). (Compl. ¶¶ 33–40). Plaintiff alleges that this court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) (federal trademark actions) and 28 U.S.C. §§ 1331 (federal question), 1338(a) (civil actions relating to trademarks). (Compl. ¶ 7). Plaintiff alleges that this court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15

3

U.S.C. § 1125(d) because the registry for the Defendant Domain Name, VeriSign, is located in this district. (Compl. ¶¶ 8, 10). Plaintiff also alleges that venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) because VeriSign is situated in this district. (Compl. ¶ 10).

Given the uncontested allegation that the Defendant Domain Name is located in this district, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Name, and that venue is proper in this court.

## Service

Due process requires that service be reasonably calculated to give a defendant "actual notice of the proceedings and an opportunity to be heard." *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). Service of process is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(n)(1) provides that the court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under the rule. Fed. R. Civ. P 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On June 7, 2022, plaintiff moved for service by publication. (Docket no. 6). The court granted plaintiff's motion and directed her to publish a copy of the order in *The Washington Times* or *The Washington Post*. (Docket no. 9). Plaintiff published the order in *The Washington Times* on June 9, 2022. (Docket no. 10-1). Based on the foregoing, the undersigned magistrate

judge recommends a finding that service of process has been accomplished as required by due process and as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Times*, anyone making a claim to the Defendant Domain Name was required to file a responsive pleading by June 30, 2022, twenty-one (21) days after notice of the action was published. No responsive pleading has been filed, no other claims were filed, and the time for doing so has since expired. On July 1, 2022, plaintiff requested an entry of default, and the Clerk of Court entered a default on July 10, 2022. (Docket nos. 11, 12).

For the reasons stated above, the undersigned magistrate judge recommends a finding that service of this action was proper and that no one has filed a responsive pleading or made a timely claim to the Defendant Domain Name, and that the Clerk of Court properly entered a default.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). Plaintiff alleges a violation of the ACPA arising out of the registration, trafficking, and/or use of the Defendant Domain Name. (Compl. ¶¶ 33–40).

Plaintiff has established a violation of the ACPA. The ACPA provides a civil right of action for the owner of a trademark against any party who has a bad faith intent to profit from that mark and who registers, traffics in, or uses a domain name that is identical to, confusingly similar to, or dilutive of the mark. 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical*

5

*Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). A necessary predicate to an ACPA action is that a plaintiff has a protectable interest in a trademark. *See Wagner v. lindawagner.com*, 202 F. Supp. 3d 574, 580–81 (E.D. Va. 2016).

As an initial matter, plaintiff has established common law trademark rights to the NELMA JEAN BRYSON mark. Common law trademark ownership rights may be established by "actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). A party may assert a protectable interest in an unregistered trademark if the mark is (1) used in commerce, and (2) sufficiently distinctive. *Int'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco*, 329 F.3d 359, 363 (4th Cir. 2003).

Plaintiff has demonstrated sufficient use of the NELMA JEAN BRYSON mark in commerce. As reflected in the complaint, plaintiff uses the NELMA JEAN BRYSON mark, which reflects her entire legal name, to publish and promote her numerous publications. (Compl. ¶ 11). Plaintiff published her first book in 2005 and began advertising her works online in February 2011 using the Defendant Domain Name, which consists of the NELMA JEAN BRYSON mark with the addition of the .COM top-level domain signifier. (Compl. ¶ 4, 19). Plaintiff published her most recent work on July 16, 2015, and she advertised it for purchase on her site, formerly available at the Defendant Domain Name. (Compl. ¶ 12). Plaintiff used the Defendant Domain Name to advertise her works for sale as recently as April 15, 2021. (Compl. ¶ 17).

Plaintiff has also demonstrated the distinctiveness of the NELMA JEAN BRYSON mark. An individual's name is distinctive only if it has acquired "secondary meaning." *See Perini Corp. v. Perini Const., Inc.*, 915 F.2d 121, 125 (4th Cir. 1990) ("Names—both surnames and

first names—are regarded as descriptive terms and therefore one who claims federal trademark rights in a name must prove that the name has acquired a secondary meaning."). Secondary meaning exists where the consuming public understands the mark to refer to the particular business that it is meant to identify. *Id.* Plaintiff has published seven books over a writing career that has spanned nearly two decades and attracted national attention. (Compl. ¶¶ 3, 13). Plaintiff participates in local events to promote her books, and they are available online for purchase through Barnes & Noble and Amazon. (Compl. ¶ 13). Each of her works has been published under and promoted through her use of her entire legal name. (Compl. ¶ 11). These facts are sufficient to support a finding that plaintiff's name acquired secondary meaning prior to the recent reregistration of the Defendant Domain Name. *See Perini Corp.*, 915 F.2d at 125–26.

As to the alleged ACPA violation, the Defendant Domain Name is identical to, or at least confusingly similar to the NELMA JEAN BRYSON mark. When considering similarity, courts examine the "dominant or salient portions of the marks." *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). As noted above, the Defendant Domain Name is identical to the NELMA JEAN BRYSON mark with the mere addition of the .COM top-level domain signifier. (Compl. ¶ 19). Such a minor modification does not meaningfully change the mark, which is particularly distinctive given the uniqueness of plaintiff's name and her use of her first, middle, and last name.

Finally, plaintiff has established a bad faith intent to profit from the use of the Defendant Domain Name. When determining whether a domain name is used in bad faith, courts may consider several, non-exhaustive factors including the defendant's intellectual property rights in the domain name, the extent to which the domain name is the defendant's legal or common name, the defendant's prior commercial use of the domain name or bona fide noncommercial or

fair use of the mark, the defendant's intent to divert consumers from the plaintiff's site to one that could harm the plaintiff's goodwill, and the defendant's provision of false contact information when registering the domain name. *See Lamparello v. Falwell*, 420 F.3d 309, 319 (4th Cir. 2005); *see also* 15 U.S.C. § 1125(d)(1)(B)(i). Each of these factors supports a finding of bad faith. No evidence has been offered that would suggest that the current registrant has any intellectual property rights in the Defendant Domain Name or that it reflects the registrant's legal or common name, and defendant does not appear to have used the Defendant Domain Name for any legitimate commercial or noncommercial use. The current registrant's use of the site to promote pornography can reasonably be interpreted as an effort to divert traffic from plaintiff's commercial site, and it certainly risks impacting her reputation and goodwill among her customers. (*See* Docket nos. 1-13, 1-14). Lastly, the registrant appears to have taken steps to conceal their identity. (Comp. ¶¶ 5, 30).

For these reasons, the undersigned recommends a finding that plaintiff has established a violation of the ACPA.

## Relief

Plaintiff seeks an order directing the Defendant Domain Name registry, VeriSign, Inc., to change the registrar for the domain name to plaintiff's registrar of choice, GoDaddy.com LLC, and directing GoDaddy.com to take all necessary steps to have plaintiff listed as the registrant for the Defendant Domain Name. (Docket no. 13). As a remedy to an ACPA violation, the court may order the forfeiture or cancellation of an infringing domain name or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(1)(C). Because plaintiff has established a violation of the ACPA, the undersigned recommends the entry of an order requiring VeriSign to change

the registrar of record for the Defendant Domain Name to GoDaddy.com and requiring GoDaddy.com to have plaintiff listed as the registrant for the Defendant Domain Name.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Nelma Jean Bryson and against NELMAJEANBRYSON.COM, pursuant to Count I of the Complaint alleging a violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)). The undersigned recommends that it be ordered that VeriSign, Inc., the registry for the Defendant Domain Name, change the registrar of record for NELMAJEANBRYSON.COM to GoDaddy.com, LLC and that GoDaddy.com have plaintiff listed as the registrant.

## Notice

The parties are notified that objections to this proposed finding of fact and recommendations must be filed within fourteen days of service of this proposed finding of fact and recommendations. The failure to file timely objections waives appellate review of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed finding of fact and recommendations. Plaintiff's counsel shall send a copy of this proposed findings of fact and recommendations to the Domain Name Defendant and to the registry VeriSign, Inc. Plaintiff's counsel shall file a notice indicating the date on which the required notice was given and the fourteen-day period for serving objections will be calculated from the date plaintiff's counsel certifies the notice was sent.

ENTERED this 5th day of August, 2022.

                                                                         /s/
                                           John F. Anderson
                                           United States Magistrate Judge
                                           John F. Anderson
                                           United States Magistrate Judge

Alexandria, Virginia